**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **THADDEUS HUNT, on behalf of PATRICK M. MCCALLUM** | § | |
| | § | |
| **V.** | § | |
| | § | **CIVIL ACTION NO. 2:26-cv-202** |
| **TRINITY TOWERS LIMITED PARTNERSHIP D/B/A BROOKDALE TRINITY TOWERS; ARC CORPUS CHRISTI, LLC; ARC LP HOLDINGS, LLC; BROOKDALE SENIOR LIVING, INC.; WALTERS FINANCIAL SERVICES, INC.; LBMC, PC; BKD SHORELINE, LLC; and AMERICAN RETIREMENT CORPORATION** | § § § § § § § § § | **JURY TRIAL REQUESTED** |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

Defendants **TRINITY TOWERS LIMITED PARTNERSHIP D/B/A BROOKDALE TRINITY TOWERS; ARC CORPUS CHRISTI, LLC; ARC LP HOLDINGS, LLC; BROOKDALE SENIOR LIVING, INC; BKD SHORELINE, LLC and AMERICAN RETIREMENT CORPORATION** (hereinafter collectively referred to as "Brookdale Defendants") files this Answer to Plaintiff's Original Petition and Request for Required Disclosures (hereinafter referred to as "Complaint"):

**A. DEFENDANTS' RESPONSE TO PLAINTIFF'S ALLEGATIONS**

1. Pursuant to Federal Rule of Civil Procedure 8(b), Defendants deny each and every allegation contained in Plaintiff's Complaint except for those expressly admitted herein. Defendant responds to the specifically numbered allegations of the Complaint as follows:

2. Paragraph 1 is a summary of the nature of the lawsuit and requires no response. To the extent a response is required, deny.

**B. DISCOVERY CONTROL PLAN**

3. Defendants deny that Plaintiff is entitled to proceed under any particular discovery control plan. The Federal Rules of Civil Procedure and this Court's scheduling orders govern discovery in this action.

**C. PARTIES**

4. Admit that Patrick M. McCallum is the plaintiff in this action. Defendants can neither admit nor deny that Mr. McCallum was a resident of Nueces County, Texas.

5. Defendants admit that Trinity Towers Limited Partnership is a Tennessee limited partnership authorized to transact business in Texas and may be served through its registered agent. Defendants further admit that Trinity Towers Limited Partnership does business as Brookdale Trinity Towers and is the licensed operator of the skilled nursing facility identified in Plaintiff's Petition. Defendants deny the remaining allegations contained in Paragraph 4.

6. Defendants admit that ARC Corpus Christi, LLC is a Tennessee limited liability company. Defendants deny the remaining allegations of Paragraph 5.

7. Defendants admit that ARC LP Holdings, LLC is a Tennessee limited liability company. Defendants deny the remaining allegations of Paragraph 6.

8. Defendants admit that Brookdale Senior Living Inc. is a Delaware corporation. Defendants deny the remaining allegations of Paragraph 7.

9. Defendants can neither admit nor deny the allegations contained in Paragraph 8.

10. Defendants can neither admit nor deny the allegations contained in Paragraph 9.

11. Defendants admit that BKD Shoreline, LLC is a Delaware limited liability company authorized to transact business in Texas. Defendants specifically deny that BKD Shoreline, LLC owned, operated, managed, supervised, staffed, or provided healthcare services to

Patrick M. McCallum or is otherwise a proper party to this action. Defendants deny the remaining allegations.

12. Defendants admit that American Retirement Corporation is a Delaware corporation. Defendants specifically deny that American Retirement Corporation owned, operated, managed, supervised, staffed, or provided healthcare services to Patrick M. McCallum or is otherwise a proper party to this action. Defendants deny the remaining allegations.

13. Paragraph 12 asserts legal conclusions regarding assumed names and Rule 28 of the Texas Rules of Civil Procedure, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations.

**D. <u>JURISDITION AND VENUE</u>**

14. Defendants admit that this Court has subject matter jurisdiction based upon removal pursuant to 28 U.S.C. §§ 1332 and 1441. Defendants deny all remaining allegations inconsistent with the Notice of Removal.[1]

15. Defendants admit venue is proper in this judicial district. Defendants deny all remaining allegations inconsistent with the Notice of Removal.

**E. <u>FACTS</u>**

16. Defendants admit that Trinity Towers Limited Partnership d/b/a Brookdale Trinity Towers is the licensed operator of the skilled nursing facility located at 317 North Carancahua, Corpus Christi, Texas, and that the facility provides skilled nursing services to residents. Defendants deny that ARC Corpus Christi, LLC, ARC LP Holdings, LLC, Brookdale Senior Living Inc., BKD Shoreline, LLC, or American Retirement Corporation owned, managed, operated, supervised, staffed, or provided care to Patrick M. McCallum. Defendants deny the

[1] Please note that, beginning here, the paragraphs in Plaintiff's Complaint are misnumbered.

remaining allegations contained in "Paragraph 11."

17. Defendants lack sufficient knowledge or information to admit or deny the allegations regarding Patrick M. McCallum's medical history and conditions as alleged in "Paragraph 12" and therefore can neither admit nor deny.

18. Defendants deny the allegations contained in "Paragraph 13."

19. Defendants admit that a plan of care was developed for Patrick M. McCallum during his residency at Brookdale Trinity Towers. Defendants deny the remaining allegations contained in "Paragraph 14."

20. Defendants admit that Patrick M. McCallum was admitted to Brookdale Trinity Towers. Defendants deny the remaining allegations contained in "Paragraph 15."

21. Defendants admit that Brookdale Trinity Towers provided skilled nursing care and assessments to Patrick M. McCallum during his residency. Defendants deny the remaining allegations contained in "Paragraph 16."

22. Defendants deny the allegations contained in "Paragraph 17."

23. Defendants admit that Patrick M. McCallum was admitted to Brookdale Trinity Towers on, or about, December 8, 2025.

24. Defendants admit that Patrick M. McCallum was assessed during his admission to Brookdale Trinity Towers. Defendants deny the remaining allegations contained in "Paragraph 19."

25. Defendants admit that Patrick M. McCallum was diagnosed with a sacral pressure ulcer during his residence at Brookdale Trinity Towers. Defendants deny the remaining allegations contained in "Paragraph 20."

26. Defendants deny the allegations contained in "Paragraph 21."

27. Defendants admit that Patrick M. McCallum was transferred to Corpus Christi Medical Center on December 26, 2025, for further evaluation and treatment. Defendants deny the remaining allegations contained in "Paragraph 22."

28. Defendants lack sufficient knowledge or information to admit or deny the allegations contained in "Paragraph 23" regarding Patrick M. McCallum's diagnoses and treatment at Corpus Christi Medical Center.

29. Defendants lack sufficient knowledge or information to admit or deny the allegations contained in "Paragraph 24" regarding Patrick M. McCallum's hospitalization, treatment, and medical care at Corpus Christi Medical Center.

30. Defendants deny the allegations contained in "Paragraph 25."

**F. MEDICAL NEGLIGENCE**

31. Defendants admit that Trinity Towers Limited Partnership d/b/a Brookdale Trinity Towers is a licensed health care provider under applicable Texas law. Defendants deny that all Defendants are health care providers licensed by the State of Texas to provide health care and deny the remaining allegations contained in "Paragraph 26."

32. Defendants deny the allegations contained in "Paragraph 27."

33. Defendants deny the allegations contained in "Paragraph 28," including its subparts.

34. Defendants deny the allegations contained in "Paragraph 29," including its subparts.

35. Defendants deny the allegations contained in "Paragraph 30."

**G. CORPORATE NEGLIGENCE**

36. Defendants incorporate their responses to the preceding paragraphs and deny the

allegations contained in “Paragraph 31” to the extent a response is required.

37. Defendants deny the allegations contained in “Paragraph 32” to the extent a response is required.

38. Defendants deny the allegations contained in “Paragraph 33” to the extent a response is required.

39. Defendants deny the allegations contained in “Paragraph 34” to the extent a response is required.

40. Defendants deny the allegations contained in “Paragraph 35” to the extent a response is required.

41. Defendants deny the allegations contained in “Paragraph 36.”

42. Defendants deny the allegations contained in “Paragraph 37” to the extent a response is required.

43. Defendants deny the allegations contained in “Paragraph 38” to the extent a response is required.

44. Defendants deny the allegations contained in “Paragraph 39.”

45. Defendants deny the allegations contained in “Paragraph 40,” including its subparts.

46. Defendants deny the allegations contained in “Paragraph 41.”

**H. GROSS NEGLIGENCE**

47. Defendants deny the allegations contained in “Paragraph 42.”

48. Defendants deny the allegations contained in “Paragraph 43.”

49. Defendants deny the allegations contained in “Paragraph 44.”

## I. JURY DEMAND

50. Defendants hereby request a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## J. AFFIRMATIVE DEFENSES

**First Affirmative Defense**

51. The Complaint fails to state a claim upon which relief may be granted.

**Second Affirmative Defense**

52. One or more Defendants are not proper parties because they did not own or operate the skilled nursing facility, did not provide health care services to Patrick M. McCallum, owed no duty to him, and cannot be held liable under the facts alleged.

**Third Affirmative Defense**

53. Plaintiff's claims are subject to a private binding arbitration agreement between the parties and this case, therefore, must be resolved in that alternative forum.

**Fourth Affirmative Defense**

54. Any injuries or damages alleged were caused in whole or in part by preexisting medical conditions, underlying disease processes, comorbidities, or conditions unrelated to any act or omission of Defendants.

**Fifth Affirmative Defense**

55. Any injuries or damages alleged by Plaintiff were caused, in whole or in part, by a new and independent cause and/or superseding intervening cause for which Defendants are not legally responsible.

**Sixth Affirmative Defense**

56. Plaintiff has failed to allege facts sufficient to disregard the separate corporate

existence of the named Defendants or otherwise impose liability upon one Defendant for the acts or omissions of another.

**Seventh Affirmative Defense**

57. Pursuant to section 41.0105 of the Texas Civil Practice and Remedies Code, Plaintiff's recovery of medical or health care expenses, if any, is limited to those medical or health care expenses actually paid or incurred.

**Eighth Affirmative Defense**

58. In the event Plaintiff recovers future medical or health care expenses, Defendants invoke their right to periodic payments pursuant to sections 74.501–74.507 of the Texas Civil Practice and Remedies Code.

**Ninth Affirmative Defense**

59. Defendants invoke Chapters 32 and 33 of the Texas Civil Practice and Remedies Code and plead proportionate responsibility. Defendants further reserve the right to designate responsible third parties and seek contribution, credit, reduction, indemnity, or offset as permitted by applicable law.

**Tenth Affirmative Defense**

60. Plaintiff failed to mitigate the damages alleged.

**Eleventh Affirmative Defense**

61. Defendants are entitled to all settlements, offsets, credits, reductions, and limitations permitted by Texas law.

**Twelfth Affirmative Defense**

62. Plaintiff has failed to plead or establish facts sufficient to support an award of exemplary damages, and Defendants invoke all statutory and constitutional limitations applicable

to any claim for exemplary damages.

**Thirteenth Affirmative Defense**

63. Plaintiff's claims are health care liability claims governed by Chapter 74 of the Texas Civil Practice and Remedies Code. Defendants invoke all rights, defenses, immunities, limitations, and protections available under Chapter 74.

**Fourteenth Affirmative Defense**

64. Defendants reserve the right to amend this Answer to assert additional defenses and affirmative defenses as discovery proceeds.

**K. PRAYER**

65. For the foregoing reasons, Defendants ask the Court to enter judgment that Plaintiff take nothing, dismiss Plaintiff's suit with prejudice, assess costs against Plaintiff, and award Defendants all other relief that the Court deems appropriate.

Respectfully submitted,

**HOBLIT DARLING RALLS HERNANDEZ & HUDLOW, LLP**
2806 W. Bitters Suite 114
San Antonio, Texas 782248
Telephone No. (210) 224-9991
Facsimile No. (210) 226-1544

By: */s/ Marcy Hernandez*
Marcy Hernandez
State Bar No. 24145599
mhernandez@hdr-law.com

**ATTORNEY FOR DEFENDANTS TRINITY TOWERS LIMITED PARTNERSHIP D/B/A BROOKDALE TRINITY TOWERS; ARC CORPUS CHRISTI, LLC; ARC LP HOLDINGS, LLC; BROOKDALE SENIOR LIVING, INC; BKD SHORELINE, LLC and AMERICAN RETIREMENT CORPORATION**

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing document has been or will be served upon all counsel of record for the interested parties as listed below in accordance with the Federal Rules of Civil Procedure on this the 15th day of July 2026. Service on E-filing Users will be automatically accomplished through the Notice of Electronic Filing.

***VIA ELECTRONIC SERVICE*:**
Dawn M. Smith
State Bar No. 24079953
Jessica Foster
State Bar No. 24135026
Jennifer Lawson
State Bar No. 24078835
Smith Clinesmith LLP
325 N. St. Paul, 29th Floor
Dallas, Texas 75201
txservice@fightingelderabuse.com
dawn@fightingelderabuse.com
mmeeker@fightingelderabuse.com
jlawson@fightingelderabuse.com

*/s/ Marcy Hernandez*
Marcy Hernandez